```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

BILLY HORTON,

                    Plaintiff,
                                              ORDER ADOPTING
    -against-                                 REPORT & RECOMMENDATION

THE CITY OF NEW YORK ET AL, THE NEW           14-CV-4276 (KAM)(LB)
YORK CITY POLICE DEPARTMENT, NEW YORK
CITY CRIMINAL COURT COUNTY OF QUEENS,
NYC LAW DEPARTMENT, CORPORATION COUNSEL
OF THE CITY OF NEW YORK, POLICE OFFICER
REINALDO ALVAREZ, POLICE OFFICERS JOHN
DOES 1-8, ADA HARRY NUSSFORF, and ADA
DEBORAH WASSEL,
                    Defendants.

----------------------------------------X
```
**MATSUMOTO, United States District Judge:**

Presently before the court is a Report and Recommendation issued by Magistrate Judge Lois Bloom on January 12, 2015, recommending that the court dismiss plaintiff's action pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v) after he failed appear at a December 10, 2014 initial pretrial conference and the rescheduled conference on January 7, 2015.  (ECF No. 24, Report and Recommendation ("R&R").)  Although plaintiff was warned that a failure to appear at the court-ordered January 7, 2015 conference would result in Judge Bloom recommending that his case be dismissed, plaintiff did not request an adjournment or contact Judge Bloom to show good cause for his failure to appear.  (*Id.* at 3.)  Copies of Judge Bloom's orders were mailed to plaintiff at his last and only known address reflected on the docket.  (ECF Nos. 15, 19.)

Notice of the Report and Recommendation was sent via first class mail to plaintiff at his last known address on January 12, 2015. As explicitly noted at the end of the Report and Recommendation, any objections to the Report and Recommendation were to be filed within 14 days of service of the R&R. (*Id.* at 3-4.) Because plaintiff was served by mail, the statutory period for filing objections expired on January 29, 2015 (*see* Fed. R. Civ. P. 6(d)), and no objections to the Report and Recommendation have been filed to date.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Upon a review of the Report and Recommendation, and considering that the parties have failed to object to any of Judge Bloom's well-grounded recommendations, the court finds no clear error in Judge Bloom's Report and Recommendation and hereby affirms and adopts the Report and Recommendation as the opinion of the court. In adopting the Report and Recommendation, the court finds that (1) plaintiff's failure to comply with Judge

Bloom's orders was willful because Judge Bloom clearly and repeatedly informed plaintiff of his obligation to appear at the conferences, (2) lesser sanctions would not be effective given plaintiff's multiple opportunities to appear before Judge Bloom or show cause for his failure to appear, as well as his apparent abandonment of this action, (3) plaintiff's repeated noncompliance with Judge Bloom's orders over a period of months counsels in favor of dismissal, and (4) plaintiff was warned of the consequences of his continued failure to comply with Judge Bloom's orders. *See Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). Furthermore, defendants have been prejudiced because they have been unable to obtain disclosures from plaintiff that are necessary to defend the case and have needlessly expended time appearing at conferences at which plaintiff failed to appear.

The Clerk of the Court is respectfully directed to dismiss the claims against defendants in accordance with Judge Bloom's Report and Recommendation, serve this Order on the plaintiff at his last and only known address reflected on the docket, and to close this case.

**SO ORDERED.**

Dated:   February 2, 2015
         Brooklyn, New York

_____ /s/ _____
Kiyo A. Matsumoto
United States District Judge